Katherine Atchison v. Commissioner.
Atchison v. Commissioner
Docket No. 65428.
United States Tax Court
T.C. Memo 1958-140; 1958 Tax Ct. Memo LEXIS 87; 17 T.C.M. (CCH) 718; T.C.M. (RIA) 58140; July 17, 1958
*87 Held, petitioner contributed more than one-half the support of her eight-year-old daughter. Held further, respondent failed to prove that petitioner did not qualify as head of a household under section 1(b), I.R.C. of 1954. Katherine Atchison Wiggins, 39 East 9th Street, Indianapolis, Ind., pro se. Conley G. Wilkerson, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent disallowed a claimed dependency credit for the support of a minor child of petitioner and her now-divorced husband and determined a deficiency of $126 in petitioner's income tax for 1955. Respondent filed an amended answer alleging that petitioner did not qualify as the head of a household within the meaning of section 1(b)(2) of the Internal Revenue Code of 1954, by reason of her failure to furnish more than one-half of the support to any of the persons specified in that section, and increased the deficiency to $137. At the hearing petitioner appeared without counsel and tried her own case. Petitioner testified that during 1955 she expended certain sums for the support of her eight-year-old daughter of whom *88 she had custody by virtue of a court decree. Petitioner was employed and had an income of approximately $4,200 per year. The expenses of care of her daughter included payments for child care away from home five days a week, partial rent of an apartment, food, clothing, medical care, and incidental expenses. These expenses total at least $1,200. Although the petitioner was unable to present receipts in substantiation of the expenses paid, we are convinced that she told the truth and actually spent the sums stated, or more, on the child's account. The child's father contributed $15 per week, or a total of $780 for the year, plus certain negligible other amounts in support of the child. We find that petitioner contributed more than 50 per cent of the expenses of maintaining the child and is entitled to prevail. As to the affirmative allegation of respondent that petitioner did not qualify as the head of a household, there is an almost complete failure of proof, and our ruling is against the respondent on such issue. Decision will be entered for the petitioner.